SAMUEL M. HUNT, RELATOR, v. GEORGE J. CHRISTENSEN, CLARENCE L. CAPEWELL, HARRY H. FREED, PETER A. SEDDON, ERNEST GAUDING AND LEON LASHER, DEFENDANTS.

Argued February 20, 1923—Decided September 27, 1923.

1. An information in the nature of a *quo warranto*, exhibited by a private relator, must be entitled in the name of the state at the relation of the relator, since the state is a party to the proceeding.

2. Where it is sought to file an information in the nature of a *quo warranto* by a private relator against a private corporation, a duly verified petition must be presented to the Supreme Court, or a justice thereof, setting forth the grievance complained of, and by whom committed, and application then be made for a rule to show cause why leave should not be granted to the petitioner to exhibit such an information against the corporation or persons complained of. A copy of the petition and rule to show cause must be served upon the corporation or persons complained of, in order that they may appear and be heard against it.

On motion to quash information.

Before Justices KALISCH, BLACK and KATZENBACH.

For the motion, *Thomas J. Hamm* and *Maurice L. Praissman.*

*Contra, David R. Rose.*

The opinion of the court was delivered by

KALISCH, J.    Samuel M. Hunt, as relator, filed an information in the nature of a *quo warranto,* entitled in his name as relator, and George J. Christensen, Clarence L. Capewell, Harry H. Freed, Peter A. Seddon, Ernest Gauding and Leon Lasher, as defendants. The information reads as follows:

"STATE OF NEW JERSEY, CAMDEN COUNTY, *ss.*

"Samuel M. Hunt, who sues for the said state in this behalf, comes in his own proper person here into the Supreme Court of Judicature of the said state before the justices thereof, at the state house, in the city of Trenton, on the twentieth day of February, nineteen hundred and twenty-three, desiring to sue and prosecute in this behalf according to the form of the statute in such cases made and provided, and gives the court here to be informed and understand that George J. Christensen, of the city of Newark; Clarence L. Capewell, of the city of Gloucester City; Harry H. Freed, of the city of Atlantic City, since December 7th, A. D. 1922, for the space of six weeks and upwards last past have unlawfully held, used and executed, and still do unlawfully use, hold and execute, the office of president, secretary and treasurer, in the order named, of the Justices, Magistrates and Constables Association, a corporation by and under the laws of the State of New Jersey, in the city and county of Camden and State of New Jersey; and the said Harry H. Freed, and the said George J. Christensen, and one Peter A. Seddon, of the township of West Deptford, in the county of Gloucester, and Ernest Gauding and Leon Lasher, of the city and county of Camden, since the said December 7th, A. D. 1922, for the space of six weeks and upwards last past have unlawfully held, used and executed, and still do unlawfully use, hold and execute, the office of trustees of the said Justices, Magistrates and Constables Association. And the said Samuel M. Hunt, to wit, of the borough of Penn's Grove, in the county of Salem and the State of New Jersey, does further give the court hereof to understand and be informed that on or about February 24th, A. D. 1921, the said Samuel M. Hunt was duly elected and qualified to the office of secretary of the said Justices, Magistrates and Constables Association for the term of four years from and after the said February 24th, A. D. 1921; and the said Samuel M. Hunt, at the same time, was elected by said association as trustee for said association for the term of four years from and after the said February 24th, A. D. 1921, and that the said Samuel

M. Hunt has ever since been and still is rightfully entitled to hold, use and execute the said office of secretary and trustee respectively of the said association, which said offices of secretary the said Clarence L. Capewell, since December 7th, A. D. 1922, upon the State of New Jersey, and the said association has usurped, intruded and unlawfully held, used and exercised, and still does continue so to do, and likewise the said Harry H. Freed, George J. Christensen, Peter A. Seddon, Ernest Gauding and Leon Lasher since the said December 7th, 1922, upon the State of New Jersey and this association, have usurped, entered and unlawfully held, used and exercised, and still do usurp, enter into and unlawfully hold and exercise, to the exclusion of the said Samuel M. Hunt, to wit, at the city and county of Camden and state aforesaid, in contempt of the State of New Jersey to its damage and prejudice against its sovereignty and dignity.

"Whereupon the said Samuel M. Hunt, desiring to sue and prosecute in this behalf, prays the advice of the court herein in the premises and for due process of rule of law against the said George J. Christensen, Clarence L. Capewell, Harry H. Freed, Peter A. Seddon, Ernest Gauding and Leon Lasher in this behalf, to be made to answer, plead and demur to the said Samuel M. Hunt by what warrant they and each of them claim to hold, execute and enjoy the offices of president, secretary, treasurer and trustees, respectively, as aforesaid, in the Justices, Magistrates and Constables Association, and the liberties, privileges and franchises thereof.

"ORVILLE P. DEWITT,
*"Attorney for Relator."*

The record before us discloses that the relator, in his own right as such, presented a petition to a justice of the Supreme Court for leave to file an information in the nature of a *quo warranto* to ascertain by what warrant or authority the defendants named in the petition hold, execute and enjoy the offices of president, secretary, treasurer and trustees respectively of the Justices, Magistrates and Constables Asso-

ciation of the county of Camden. In the petition, the relator claimed that he was the duly elected secretary and trustee of the association, and that the defendants were usurping and intruding upon the various offices of the association as set out in the petition. This petition was marked filed by the justice of the Supreme Court to whom it was presented. At a later day the petition and the information containing the facts set out in the petition were filed in the office of the clerk of the Supreme Court. The relator then obtained a rule ordering that the defendants appear and plead or demur to the information within ten days after service, which rule was served upon the defendants. Notice was thereupon given on behalf of the defendants to the relator of the present motion to quash, vacate and set aside the information and rule to plead for various reasons, the first of which, argued in the brief of counsel of defendants, is that the proceeding is improperly here, in that the relator being a private person, at whose instance and in whose name the information in the nature of a *quo warranto* was filed, it was necessary, before such information could be lawfully exhibited against the defendants, that they should have had notice of the relator's application, so that they might be heard upon the question of the granting of the application, and that this right was not accorded them.

The proper practice is said by our courts to be that where the relator's application comes within the scope of section 1 of the *Quo Warranto* act (3 *Comp. Stat., p.* 4210), he must, in the first instance, apply to the Supreme Court or a justice thereof, upon a duly verified petition for a rule to show cause, so that the defendant or defendants upon the return of the rule may have an opportunity to be heard against the granting of the application. *Miller* v. *Seymour,* 67 *N. J. L.* 482, 486.

But it is apparent upon the face of the petition and information that the relator's proceeding is not based upon section 1 of the *Quo Warranto* act, for that section expressly contemplates that the information shall be exhibited in the name of the attorney-general, and while this is amendable, it has

been expressly and repeatedly held by our courts that the proceedings under this section can only be properly instituted by a taxpayer and citizen, and it nowhere appears that the relator is either. *McGuire* v. *DeMuro* (*post p.* 684), and cases there cited.

Nor can the relator's petition and information be legally upheld by section 4 of the *Quo Warranto* act, for this section in express terms limits proceedings taken by virtue of its provisions to one who believes himself lawfully entitled to a municipal office or franchise and makes claim to such municipal office or franchise, which apparently is not the status of the relator here.

Under the common law of England an information in the nature of a *quo warranto* will not be granted against a private corporation at the instance of a private relator. *Shortt Inform.* (*ed.* 1888) 129; *High Extr. Leg. Rem.* 478, 479, 480; *Ang. & A. Corp.* (*9th ed.*) 748, ¶ 735.

But the common law of England in that regard does not appear to have been adopted in this state as pointed out by Mr. Justice Garrison in *Hankins et al.* v. *Newell et al.*, 75 N. J. L. 26. He cites *State* v. *Crowell*, 9 *Id.* 390, a case decided in 1827 in support of that declaration. That was a case where an information was filed by the attorney-general at the relation of two members of a Presbyterian church against certain of its trustees questioning their qualification upon the ground that members who voted for them were not contributors to the support of the church.

The question as to the right to exhibit the information was not drawn into question, and it is doubtful whether the court and counsel would have assumed, in view of the settled common law doctrine, that no such right existed in favor of a private relator against a private corporation, were it not for the fact that in 1825 a statute entitled "An act to prevent fraudulent elections by incorporated companies and to facilitate proceedings against them," was passed by the legislature, the seventh section of which statute is section 42 of our Corporation act, and provides as follows:

"The Supreme Court, upon application of any person who may be aggrieved by or complain of any election, or any proceeding, act or matter in or touching the same, reasonable notice having been given to the adverse party, or to those who are to be affected thereby, of such intended application, shall proceed forthwith and in a summary way hear the affidavits, proofs and allegations of the parties, or otherwise inquire into the matter or causes of complaint, and thereupon establish the election so complained of, or order a new election, or make such order and give such relief in the premises as right and justice may require; the court may, if the case require it, either order an issue to be made up in manner and form as it may direct, to try the rights of the respective parties to the office or franchise in question, or may give leave to exhibit or direct the attorney-general to exhibit, an information in the nature of a *quo warranto* in relation thereto." 2 *Comp. Stat., p.* 1624.

A succinct history of this legislation is contained in a note at the bottom of this statutory provision. This section is almost a *verbatim* copy of the New York statute, enacted in 1788, a copy of which is to be found in a very elaborate note to the case of *People* v. *Richardson* (*quo warranto* proceedings), 4 *Cow.* 97, 123.

Mr. Justice Garrison, in *Hankins* v. *Newell, supra* (at *p.* 27), refers to this statutory provision and concludes that it must be taken in connection with the other requirements of the act, and hence is confined to elections in corporations having stock. *In re Election of Cedar Grove Cemetery Co.,* 61 *N. J. L.* 422, is cited as authority for this proposition. We find nothing in that case which in anywise attempts to place any construction on the section of the statute in question. Mr. Justice Dixon, who delivered the opinion of this court, cites *In re Election of St. Lawrence Steamboat Co.,* 44 *Id.* 529. In that case Mr. Justice Depue, in construing section 42, among other things, at page 537, said: "The jurisdiction given to the court is over the election and over every proceeding, act or matter in or touching the same that is complained of; and the power is given in the alternative either

to establish the election or ordering a new election, or to make such order and give such relief in the premises as right and justice may require. A construction which restricts the power of the court simply to establishing the election or ordering a new election, involves the rejection of an important member of the sentence expressed in the disjunctive, and plainly declaring that the court shall grant other relief than ordering a new election, if right and justice shall require it. This power is conferred on the court, which has, inherent in its jurisdiction, control, by means of prerogative writs of *quo warranto* and *mandamus* over elections held by private corporations; and the power is to be exercised in a summary manner. In many cases where, at an election for directors, legal votes have been rejected, which, if received, would have elected the contestants, the only relief which would do complete justice would be to repair the wrong by putting the contestants in office. * * * The act was designed to enable the court, in its discretion, to make such an order as would put parties in office, who would have been there if the election had been properly conducted, if such relief appears to the court to be such as right and justice require."

In *Owen* v. *Whitaker*, 20 *N. J. Eq.* 122, Chancellor Zabriskie, in discussing the legal effect of section 42 (which is section 19 in *Nix. Dig.* (at *p.* 124), said: "For many years the courts of law have exercised jurisdiction as to officers of corporations by writ of *quo warranto,* or information in the nature of *quo warranto* and by *mandamus;* and if there is any doubt as to the application of these remedies to corporations merely civil, the difficulty is obviated and supplied by the summary and efficient proceedings under the statute passed for this very purpose. *Nix. Dig.* 171, § 19."

Now it seems to us to be wholly unimportant whether or not the practice of instituting *quo warranto* proceedings by a private relator against a private corporation was due to the provisions of the section referred to, or was the result of an unchallenged practice of a century. We have the declaration of our Court of Errors and Appeals, in *Schilstra* v. *Van*

*Den Heuvel*, 82 *N. J. Eq.* 612, speaking through Chief Justice Gummere (at *p.* 614), that *quo warranto* proceedings will lie against private corporations, religious as well as secular.

In the present case the petition, upon which the information is based, charges irregularity in the election held by the association, at which election the defendants were elected to the various offices set forth in the information, and it does seem as if the matter of which the relator complains is wholly within the scope of the statute quoted, and that he has a complete remedy under it. But as there may be, in view of the decisions above referred to, a doubt as to the applicability of the statute to a situation of affairs like the present to justify proceedings under it, nevertheless, it is quite clear, however, that the relator wholly disregarded the procedure sanctioned by our courts in *quo warranto*, requiring the presentation of a verified petition to the Supreme Court or a justice thereof setting forth the grievances complained of and by whom committed, and apply for a rule to show cause why leave should not be granted to the petitioner to exhibit an information in the nature of a *quo warranto* against such person or persons complained of and cause a copy of the petition and order to be served upon him or them, so that they may have notice of the application and appear and be heard against it. This procedure regarding notice, rule to show cause and service was entirely ignored by the relator. In consequence the defendants were deprived of the substantial right of having notice of the application and of hearing against the granting of relator's application.

Moreover, it is to be noted that an information, exhibited, in the nature of a *quo warranto,* must be entitled in the name of the state at the relation of the relator, since the state is a party to the proceeding. *Anderson* v. *Myers,* 77 *N. J. L.* 186, and cases there cited; *McGuire* v. *De Muro, supra.*

We have not considered the other objections urged in the brief of defendants against the sufficiency in law of the information since we have reach the conclusion that the proceedings must be vacated and set aside upon the ground that

they were in express violation of the established practice of this court, and deprived the defendants of the right to be heard against the granting of the application.